**PROVIDENT LAW**

Christopher J. Charles, SBN 023148
Eric L. Walberg, SBN 015344
14646 N. Kierland Boulevard, Suite 260
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
fileclerk@providentlawyers.com
*Attorneys for Plaintiff Marianne Swallie*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marianne Swallie, a married woman, <br><br> Plaintiff, <br> vs. <br><br> Ditech Financial LLC, F/K/A Green Tree Loan Servicing, a Delaware Limited Liability Company; Bank Of America, National Association; John Does And Jane Does I-X; White Partnerships I-X; Black Corporations I-X; And Red Limited Liability Companies I-X, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

## I.  PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), U.S.C. §§ 1681, *et seq.* Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of

Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3.  Plaintiff resides in Maricopa County, Arizona.

4.  Plaintiff is a natural person allegedly obligated to pay a debt.

5.  Defendant Bank of America, a National Association ("BANA"), is registered to conduct business within the State of Arizona.

6.  Defendant Ditech Financial LLC, F/K/A Green Tree Loan Servicing ("Ditech"), a Delaware Limited Liability Company, is registered to conduct business within the state of Arizona.

7.  Swallie is a "person" as that term is defined by FCRA § 1681a(b).

8.  Defendants are furnishers of information as contemplated by FCRA §1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer

9.  Defendant Ditech was the agent / servicer of Defendant BANA at all times referenced herein.

## IV. FACTUAL ALLEGATIONS

10. Defendants have been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties since August 25, 2015, including reporting this information to one or more of the three national consumer reporting agencies, including Experian, Equifax and Trans Union.

11. This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff's true credit history.

12. Experian, Equifax, and TransUnion have taken the inaccurate information furnished

2

by Defendants and disseminated it to other third parties, including Plaintiff's creditors, potential creditors, and others.

13. In or about August 25, 2015, Plaintiff entered into a settlement agreement with Defendants ("Settlement Agreement"). *See* **Exhibit A**.

14. The Settlement Agreement replaced a $59,000 debt ("Old Debt") with a $23,000 debt ("New Debt") arising out of 2015 action filed by the Defendants.

15. Plaintiff has made all payments under the New Debt on time as required under the Settlement Agreement.

16. Defendants have not reported the Old Debt was replaced with the New Debt as set forth in the Settlement Agreement.

17. Defendants have not reported to the national consumer reporting agencies any of the New Debt payments.

18. Plaintiff made online complaints to each of the three national consumer reporting agencies, Experian, Equifax and Trans Union, disputing Defendants' reporting of the New Debt as follows as to the debt owed the Defendants:

       a.  "charge-off;"

       b.  "charged off as bad debt;"

       c.  "past due balance;"

       d.  "assigned to attorney, collection agency or creditor grantors internal collection department;"

       e.  "seriously past due;"

       f.  the balance is $52,315;

       g.  "bad debt & placed for collection & skip;"

       h.  the past due balance is $51,942;

    i.   the past due balance is $51,569;

    j.   "you currently do not have any Payment History;"

    k.   "paid charge off;"

    l.   "over 120 days past due;"

    m.   "original charge off $53,688;" and

    n.   "maximum delinquency of 120 days in 01/2011 and in 02/2011;"

    o.   "date of last payment Aug 01, 2015;" and

    p.   no payments under the New Debt reported (collectively the "Disputed Reports").

19. Upon information and belief, and pursuant to the duties under the Fair Credit Reporting Act, upon receipt of Plaintiff's online complaints of the Disputed Reports, Experian, Equifax and / or Trans Union contacted Defendants and requested that each investigate Plaintiff's disputes, and provide the results of the investigation.

20. Upon information and belief, Defendants received Plaintiff's notices of the Disputed Reports from Experian, Equifax and / or Trans Union.

21. Upon information and belief, Defendants responded to Experian, Equifax, and / or Trans Union concerning Plaintiff's Disputed Reports and verified that they were reporting the account accurately and / or updated the balance claimed to be owed.

22. Defendants have continued to report inaccurate information concerning its account with Plaintiff to the three national consumer reporting agencies.

23. Defendants' investigations as to each of the Disputed Reports they received concerning Plaintiff were in all ways inadequate and did not comport with the requirements under FCRA § 1681s-2(b).

24. Defendants ultimately "verified" its reporting of the account to Experian, Equifax and

Trans Union on November 22, 2016. *See* **Exhibit B**.

25. Defendants have continued to report inaccurate, derogatory and improper information, and have failed to retract, delete, and / or suppress inaccurate, derogatory and improper information about the Plaintiff as to the Disputed Reports.

26. As a result and proximate cause of Defendants actions, Plaintiff has suffered actual damages, including, but not limited to, loss of opportunity, credit denial, embarrassment, humiliation, and other emotional distress.

## V.  CAUSES OF ACTION

### a. <u>FIRST CLAIM FOR RELIEF</u>

### (Negligent Noncompliance with FCRA)

27. Plaintiff incorporates by reference paragraphs 1 through 26.

28. Defendants have failed to conduct a reasonable investigation of each of Plaintiff's Disputed Reports received from Experian, Equifax and /or Trans Union concerning its reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

29. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continue to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury.

30. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

### b. <u>SECOND CLAIM FOR RELIEF</u>

### (Willful Noncompliance with FCRA)

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Defendants willfully failed to conduct a reasonable investigation of each of Plaintiff's Disputed Reports received from Experian, Equifax and / or Trans Union concerning its

reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

33. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

34. Plaintiff's request attorney fees pursuant to 15 U.S.C. § 1681n(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)      Actual damages to be determined by the jury;

b)      Statutory damages to be determined by the jury;

c)      Punitive damages to be determined by the jury;

d)      Attorney's fees;

e)      Costs and expenses incurred in this action; and

f)      Such other relief as may be just and proper.

**RESPECTIVELY SUBMITTED** this 24th day of March, 2017.

**PROVIDENT LAW®**

/s/Christopher J. Charles
Christopher J. Charles
Eric L. Walberg
14646 N. Kierland Boulevard, Suite 260
Scottsdale, AZ 85254
*Attorneys for Plaintiff Marianne Swallie*